FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 29, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KURT JEFFREY ANGELONE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AARON BROWN, DANIEL JONES, KERRY DEYOUNG, LEONA CHAPMAN, DAWSON BRICKEY, ALEX ROCKSTROM, ZACHARY ESPINOZA, JONATHAN MARTINEZ, and STEVEN NIELSEN,<br><br>　　　　　　Defendants. | NO: 2:24-CV-096-TOR<br><br>ORDER DISMISSING ACTION |

BEFORE THE COURT is Plaintiff Kurt Jeffrey Angelone's First Amended Complaint. ECF No. 50. Plaintiff seeks monetary damages for alleged Eighth Amendment violations and state law claims of negligence, breach of duty of care, medical negligence, and intentional tort. *Id.* at 6–13. Plaintiff, a prisoner currently housed at the Airway Heights Corrections Center, is proceeding *pro se* and *in form pauperis*. ECF No. 21. Defendants have not been served.

ORDER DISMISSING ACTION -- 1

1    The Court has directed the Clerk of Court to sever the claims of Co-Plaintiffs John Griffin Headrick and Adam Persell and directed that they each proceed in their individual actions. ECF No. 56.

As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir. 1981))*, overruled in part by Lacey,* 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not repled).

Furthermore, defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, Defendants Washington State Department of Corrections, Superintendent Ronald Haynes, AHCC, Lance Hall, Sgt. D. Young, Sgt. McKinney, Jane and John Doe Correctional Officers and Personnel have been terminated from this action and Defendants Kerry DeYoung, Leona Chapman, Dawson Brickey, Alex Rockstrom, Zachary Espinoza, Jonathan Martinez and Steven Nielsen were added. The Court notes Plaintiff did not properly number his complaint, labeling page "2" twice.

Liberally construing the entirety of the First Amended Complaint in the light

ORDER DISMISSING ACTION -- 2

most favorable to Plaintiff, the Court finds that he has failed to state a claim upon which this Court can grant him relief.

## PLAINTIFF'S ALLEGATIONS

Plaintiff accuses First Shift Commander Lieutenant Aaron Brown of using excessive force in violation of the Eighth Amendment. ECF No. 50 at 6. He also accuses Defendant Brown of being deliberately indifferent to his serious medical needs. *Id.* at 9–10.

Plaintiff states that on February 15, 2023, Defendant Brown conducted an unauthorized training exercise with (CS) tear gas obtained without authorization from the prison armory, and without a certified instructor. *Id.* at 6–7. Defendant Brown released a CS gas grenade near the unit where Plaintiff was housed, exposing prisoners to the gas via the HVAC system. *Id.* at 7.

Plaintiff states that he was awakened from a sound sleep and immediately experienced, "burning." *Id.* Plaintiff states that he suffers from COPD[1] and since the "gas attack" he has been diagnosed with asthma for which he was given "another type of inhaler." *Id.* Plaintiff claims he also suffers from inflammation in his lungs, and "serious breathing issues since the gas exposure." *Id.* Plaintiff states that he has developed airway and pulmonary edema, and because he can no longer breathe as

---

[1] Presumably Chronic Obstructive Pulmonary Disease

ORDER DISMISSING ACTION -- 3

he once did, he is unable to "walk normally." *Id.* at 8.

Plaintiff avers the exposure was "intense and lasted for several hours even after Aaron Brown shut off the vents, nevertheless the air with the gas was blowing through this vent with strong force for 30 minutes straight." *Id.* at 8. Plaintiff states he suffered "severe burning of both eyes[,]" "copious tearing," "extreme burning in the nose," "severe burning in the throat and lungs, coughing, consciousness of the excruciating pain, breathing little, heartrate slowing down, blood pressure rising," "mucus secretion, nausea and vomiting and panic." *Id.* Plaintiff states that he pleaded with Defendant Brown to let him declare a medical emergency and was twice denied. *Id.* He asserts that Defendant Brown falsely asserted it was an electrical fire. *Id.*

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney,* 509 U.S. 25, 31 (1993). To state a claim for unconstitutional conditions of confinement, a prisoner must allege that a Defendant's acts or omissions deprived the prisoner of "the minimal civilized measure of life's necessities" and that the Defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 834.

ORDER DISMISSING ACTION -- 4

Plaintiff has alleged no facts in Count I from which the Court could infer that Defendant Brown was deliberately indifferent to the risk of CS gas exposure. While Plaintiff later asserts that "[D]efendant Brown was purposely going to expose the prisoners to CS gas via HVAC system," and that eight other Defendants failed to intervene, ECF No. 50 at 11, his attached exhibits contradict that any exposure was intentional. Based on Plaintiff's exhibits, Aaron Brown attested to the truth and accuracy of the following statement he made on March 23, 2023: "When the CS accidentally made it to the unit, my chest sunk." *Id.* at 20.

Aaron Brown further attested, "I did not notify medical because I personally checked on any I/I awake. They all said they were ok other than a slight burning. If one of them had claimed a medical emergency or emergency grievance then I would of contacted medical." *Id.* In an additional attestation dated March 22, 2023, Aaron Brown stated, "Most all the I/I's that complained of burning eyes and smoke had gone back to sleep, by the time I had left the unit." *Id.* at 24.

Yet another attestation dated March 20, 2023, by a person with the initials "SL" and an unclear signature, states that incarcerated individuals were experiencing a "[l]ittle coughing and the complaining of what the smell was. There was one comment that we gassed them. We did not tell them what it was that they smelled . . . One guy, I think in a corner cell kept complaining and wanted to be let out, but he was not let out. We did talk with him, and he appeared fine. We did tier checks

ORDER DISMISSING ACTION -- 5

and talked with anyone that was awake and affected. Before we left the unit, most all I/I's had their lights back off and went back to bed. I did mention to the Lieutenant that he should alert someone asap of this situation." *Id.* at 30.

When exhibits are attached to a complaint, the exhibits are deemed part of the complaint for all purposes, including for purposes of determining the sufficiency of the claims. *See* Fed.R.Civ.P. 10(c); 5A Wright & Miller, Federal Practice and Procedure: Civil 3d § 1327, at 443–44 (2002). If an exhibit attached to a complaint contradicts an assertion in the complaint and reveals information that prohibits recovery as a matter of law, the information provided in the exhibit trumps the allegation in the complaint. *Wilson v. Fitter*, 2009 WL 6908049, at *2 (C.D. Cal. Nov. 5, 2009) *report and recommendation adopted*, 2010 WL 3893992 (C.D. Cal. Sept. 30, 2010) (citing *Riggins v. Walter,* 279 F.3d 422, 425–26 (7th Cir. 1995) (affirming dismissal of prisoner's § 1983 claims where information in attached exhibit contradicted allegation of complaint); *Hudson v. Phillipson*, 2008 WL 356884, *3 (W.D. Mich. Feb.7, 2008) (dismissing prisoner's § 1983 claims where information in attached exhibits conflicted with allegations of complaint)).

Here, the attached attestation of an accident does not support an Eighth Amendment claim that Defendant Brown acted with deliberate indifference to Plaintiff's safety when deploying the tear gas. While Defendant Brown may have acted negligently or in violation of DOC policy, such claims do not state a

constitutional violation.  *See Davidson v. Cannon,* 474 U.S. 344, 347–48 (1986) (Negligence is not actionable in an action pursuant to 42 U.S.C. § 1983); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (The failure to follow prison policy does not establish a constitutional violation).  Without an underlying constitutional violation, Plaintiff's allegations that eight additional Defendants failed to intervene to prevent the deployment of the tear gas will not support a claim to relief.

Furthermore, Plaintiff's assertion that he was refused emergency medical treatment is contradicted by the attestation of Defendant Brown that, "If one of them had claimed a medical emergency or emergency grievance then I would of contacted medical." ECF No. 50 at 20 (as written in original).  Because this attestation trumps the allegation in the complaint, the Court cannot infer deliberate indifference on the part of Defendant Brown to Plaintiff's serious medical needs.  Plaintiff admits he has received continuing medical treatment, including an inhaler.  As presented, Plaintiff has failed to state an Eighth Amendment claim upon which this Court can grant relief.

Under the circumstances of this case, the Court finds that further amendment would be unavailing.  *See Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011).  In the absence of a viable federal constitutional claim, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law

claims. *See* 28 U.S.C. § 1367(c)(3). Nevertheless, the Court will dismiss this action without prejudice to Plaintiff pursuing those claims in the appropriate forum.

**ACCORDINGLY**, **IT IS ORDERED:**

1. The First Amended Complaint, ECF No. 50, is **DISMISSED without prejudice** to Plaintiff pursing his state law claims in the appropriate forum.

2. This dismissal will not count as a dismissal under 28 U.S.C. § 1915(g). *See Harris v. Harris*, 935 F.3d 670 (9th Cir. 2019).

3. Plaintiff's *in forma pauperis* status is hereby **REVOKED.**

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The Clerk of Court is directed to enter this Order and Judgment accordingly, provide copies to Plaintiff, and **CLOSE** the file.

**DATED** October 29, 2024.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING ACTION -- 8